IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MANUAL HERNANDEZ-AYALA,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | Civil No. **04-902-WDS** |
| | ) | |
| **KEVIN POTTER,** | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

In December 2004 petitioner Manual Hernandez-Ayala, a Cuban citizen ordered removed from the United States, filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention at F.C.I. Greenville pending his removal from this country.  **(Doc. 1).**  The respondent filed a motion to dismiss the petition as moot, citing petitioner's March 2005 release from the custody of the Bureau of Prisons and F.C.I. Greenville.  **(Doc. 8).**  Respondent has since filed an updated status report indicating that petitioner has also been released from the custody of the Department of Homeland Security, Immigration and Customs Enforcement, which had ultimately been authorizing petitioner being held in federal custody.   A hearing on respondent's motion to dismiss was set for July 20, 2005, and notice sent to petitioner at his address of record at F.C.I. Greenville.  **(Docs. 10 and 11).**  This Report and Recommendation is respectfully submitted to United States District Judge William D. Stiehl in accordance with 28 U.S.C. §§ 636(b)(1)(B) and (C).

Petitioner did not appear at the July 20, 2005, hearing on respondent's motion to dismiss. A review of the record reveals that the copy of the Court's order setting the hearing that was mailed to petitioner at his address of record was returned as undeliverable.  **(Doc. 12).**  For

1

obvious reasons, the writ of habeas corpus ad testificandum issued to petitioner could not be executed. As a precaution, at the appointed hour of the hearing Court Security searched the courthouse, calling petitioner's name– all to no avail. Pursuant to Federal Rule of Civil Procedure 41(b), respondent orally moved to dismiss the petition for want of prosecution.

Clearly, petitioner has failed to notify the Court of his change of address, which constitutes a violation of Local Rule 3.1(b). That evinces petitioner's loss of interest in his petition, regardless of whether the petition is rendered legally moot by petitioner's release from custody. Dismissal with prejudice is applicable in a habeas corpus, just as in any other civil case. *See Cox v. Mcbride*, **279 F.3d 492, 493 (7th Cir. 2002).**

### Recommendation

For the aforestated reasons, it is the recommendation of this Court that respondent's oral motion to dismiss Manual Hernandez-Ayala's petition for writ of habeas corpus for want of prosecution be granted and the petition be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

### Response Period and Service

In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 6(e), the petitioner and respondent have through **August 9, 2005**, to file objections to this Report and Recommendation.

According to Immigration and Customs Enforcement, the last known address for petitioner is: Pacific Garden Mission, 646 South State Street, Chicago, Illinois 60605. **(Doc. 14-2).** Out of an overabundance of caution, the Clerk of Court shall mail copies of this Report and Recommendation to petitioner at his address of record <u>and</u> the aforementioned address for the

Pacific Garden Mission.

    **DATED: July 21, 2005**

                                                  <u>s/ Clifford J. Proud</u>
                                                  **CLIFFORD J. PROUD**
                                                  **U. S. MAGISTRATE JUDGE**